NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACQUELINE GREEK and JOYCE PUCCIO, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>DIET WORKS, LLC,<br><br>*Defendant.* | Civil Action No. 17-4738<br><br>OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Defendant Diet Works, LLC's ("Defendant") motion to dismiss Plaintiffs Jacqueline Greek's and Joyce Puccio's (together, "Plaintiffs") Amended Complaint. ECF No. 19. For the reasons set forth herein, the motion is **GRANTED in part** and **DENIED in part**.

I. BACKGROUND

   A. Factual Background

This case involves allegations that Defendant made false and misleading claims about its weight-loss dietary supplement, Diet Works Garcinia Cambogia ("Product"). Am. Compl. ¶ 1, ECF No. 9. Specifically, Plaintiffs allege that the labeling on the Product includes at least five false and misleading claims: (1) "Healthy Weight Management"; (2) "Promotes Weight Loss"; (3) "Inhibits Fat Production"; (4) "Suppresses Carbohydrate Cravings"; and (5) "Garcinia Cambogia, the all-natural way to help reduce your appetite, burn more calories and suppress carbohydrate cravings to make losing weight faster and easier than ever!" Id. ¶ 20. According to Plaintiff, the

1

Product's active ingredient, HCA, has been the subject of numerous scientific studies that clearly disprove each of those specific claims. Id. ¶¶ 21-29.[1] Plaintiffs plead that Defendant "had access to, but knowingly and/or recklessly ignored" this "overwhelming scientific literature refuting the fat burning, weight loss, and appetite suppression claims." Id. ¶¶ 16-17.

Plaintiff Jacqueline Greek "purchased the Product in or about April 2015, from drleaonards.com." Id. ¶ 13. Plaintiff Joyce Puccio "purchased the Product on-line in or about April 2016." Id. ¶ 14. Plaintiffs allege that they read and relied on Defendant's false and misleading claims about the Product, id. ¶¶ 13-14, and that they would not have purchased the Product or they would have paid less for the Product were it not for those claims. Id. ¶¶ 33, 38.

### B. Procedural Background

On September 5, 2017, Plaintiffs filed an Amended Complaint on behalf of themselves and a putative class of all other purchasers of the Product, asserting causes of action for: (1) violations of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. § 56:8-1, et seq. ("Count One"); (2) breach of express warranty under New Jersey law, N.J.S.A. § 12A:2-313 ("Count Two"); (3) breach of implied warranty of merchantability under New Jersey law, N.J.S.A. § 12A:2-314 ("Count Three"); (4) breach of express warranty under Pennsylvania law, Pa. Cons. Stat. § 2313 ("Count Four"); (5) breach of implied warranty under Pennsylvania law, Pa. Cons. Stat. § 2314 ("Count Five"); (6) violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), Pa. Cons. Stat. § 201-1, et seq. ("Count Six"); (7) fraud by uniform

---

[1] Plaintiffs also allege the Product contains a lower dosage of HCA (44%) than Defendant claims on the labeling (50%). Am. Compl. ¶¶ 30-31. Plaintiffs' theory of recovery based on this misrepresentation is somewhat inconsistent with their allegations that HCA is wholly ineffective anyway, but such potential inconsistency does not bear on the Court's ruling today, because the Court finds that Plaintiffs have stated claims under their various causes of actions based on the other alleged misrepresentations on the Product's labeling.

2

misrepresentation and omission under Pennsylvania law ("Count Seven"); (8) unjust enrichment under both New Jersey and Pennsylvania law ("Count Eight"); and (9) declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. ("Count Nine"). ECF No. 9. On October 3, 2017, Defendant filed the instant motion to dismiss under Fed. R. Civ. P. 12(b)(6). ECF No. 19.

II. LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). Dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Id. The facts alleged, however, must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

For allegations sounding in fraud, Rule 9(b) imposes a heightened pleading standard: namely, "a party must state with particularity the circumstances constituting fraud or mistake," but "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The circumstances of the fraud must be stated with sufficient particularity to put a defendant on notice of the "precise misconduct with which [it is] charged." Lum v. Bank of Am., 361 F.3d 217, 224 (3d Cir. 2004). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of

substantiation into a fraud allegation." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).

## III. ANALYSIS

### A. The Consumer Fraud Claims (Counts One and Six)

Defendant first moves to dismiss Plaintiffs' consumer fraud claims under the NJCFA and the UTPCPL, arguing (1) that Plaintiffs failed to satisfy Rule 9(b)'s heightened pleading standard for fraud-based claims and (2) that Plaintiffs' claims are "pure boilerplate" and fail to "connect the dots" between the alleged misstatements on the Product's label and Plaintiffs' ultimate purchase of the Product. The Court disagrees.

Plaintiffs provide sufficient specifics to substantiate their fraud allegations and put Defendant on notice of the misconduct at issue. Far from providing "pure boilerplate," Plaintiffs quote the exact language on the Product's label and explain why they believe each statement is false and/or misleading. Am. Compl. ¶¶ 20-37. These are not the sort of vague allegations properly subject to dismissal under Rule 9(b).

Moreover, Plaintiffs have sufficiently "connected the dots" under both the NJCFA and UTPCPL claims. A plaintiff must establish three elements for a NJCFA claim to survive a motion to dismiss: (1) unlawful conduct, (2) an ascertainable loss, and (3) a causal connection between the defendant's unlawful conduct and the plaintiff's ascertainable loss. In re AZEK Building Prods., Inc. Mktg. & Sales Practices Litig., 82 F.Supp.3d 608, 623 (D.N.J. 2015). The elements of a UTPCPL are similar to those under the NJCFA, except that a plaintiff must show "justifiable reliance" rather than simple causation. See Vassalotti v. Wells Fargo Bank, N.A., 732 F.Supp.2d 503, 510-11 (E.D.Pa 2010) (citing Seldon v. Home Loan Serv., Inc., 647 F.Supp.2d 451, 470 (E.D.Pa. 2009)). Here, the false and misleading claims are on the labeling of the Product itself, and Plaintiffs plead that they (1) read those claims, (2) relied on them, and (3) bought the Product

as a result. Plaintiffs' factual allegations plead the requisite elements under the NJCFA and the UTPCPL, and Defendant is wholly on notice of the specific misconduct with which it is charged. Rule 9(b) does not require more. Counts One and Six will go forward.

**B. Express Warranty Claims (Counts Two and Four)**

Defendant next argues that Plaintiffs' express warranty claims under New Jersey and Pennsylvania law must be dismissed because Plaintiffs fail to plead (1) that the allegedly false claims "became part of the basis of the bargain" and (2) that the Product "ultimately did not conform to the affirmation, promise or description." The Court disagrees.

"To establish a claim for breach of express warranty under New Jersey law, a plaintiff must allege: '(1) that Defendant made an affirmation, promise or description about the product; (2) that this affirmation, promise or description became part of the basis of the bargain for the product; and (3) that the product ultimately did not conform to the affirmation, promise or description.'" Hoffman v. Nordic Naturals, Inc., 2014 WL 1515602, at *7 (D.N.J. Apr. 17, 2014) (quoting Snyder v. Farnam Cos., Inc., 792 F.Supp.2d 712, 721 (D.N.J. 2011)). Likewise, to state a cognizable claim for breach of express warranty under Pennsylvania law, a plaintiff must show that defendant "made 'an actual affirmation of fact or a promise,' and that the affirmative of fact or promise 'formed the basis of the bargain' between the defendant and the plaintiff." McLaughlin v. Bayer Corp., 2017 WL 697047, at *9 (E.D.Pa. Feb. 21, 2017) (quoting Jeter v. Brown & Williamson Tobacco Corp., 113 Fed. App'x 465, 468 (3d Cir. 2004)).

Contrary to Defendant's assertions, in pleading that an express warranty formed the basis of a bargain, a plaintiff is not required to show traditional reliance, but rather that "the alleged express warranties were of a kind which naturally would induce the purchase." Smith v. Merial Ltd., 2011 WL 2119100, at *7 (D.N.J. May 26, 2011) (quoting Elias v. Ungar's Food Prods., Inc.,

5

252 F.R.D. 233, 239 (D.N.J. 2008)); see also Knipe v. Smithkline Beecham, 583 F.Supp.2d 602, 625 (E.D.Pa. 2008). Although Plaintiffs do, in fact, allege that they relied on the false and misleading claims before purchasing the Product, it is also clear that the warranties alleged by Plaintiffs are precisely of a nature that would induce purchase.

Defendant also claims that Plaintiffs fail to allege that the Product did not conform to Defendant's express warranties. But a simple inspection of the Amended Complaint reveals otherwise. Plaintiffs clearly and comprehensively allege why the Product fails to conform to the express warranties as to every purchaser of the Product, which necessarily includes Plaintiffs. See Am. Compl. ¶¶ 22-37. Counts Two and Four will proceed.

**C. Implied Warranty Claims (Counts Three and Five)**

Defendant next argues that Plaintiffs' implied warranty claims under New Jersey and Pennsylvania law should be dismissed, because Plaintiffs have failed to adequately plead (1) "injury and damages," (2) that their injury was "caused proximately and in fact by the defective nature of the goods," or (3) that the "product malfunctioned." The Court disagrees.

To state a claim for breach of the implied warranty of merchantability under New Jersey law, "a plaintiff must allege (1) that a merchant sold goods, (2) which were not 'merchantable' at the time of sale, (3) injury and damages to the plaintiff or its property, (4) which were caused proximately and in fact by the defective nature of the goods, and (5) notice to the seller of injury." In re Ford Motor Co. E-350 Van Prods. Liab. Litig. (No. II), 2008 WL 4126264, at *19 (D.N.J. Sept. 2, 2008). Under Pennsylvania law, a plaintiff "must show: (1) the existence of the implied warranty; (2) breach of the implied warranty; (3) a causal connection between the defendant's breach and the plaintiff's injury or damage; and (4) the extent of loss proximately caused by the

defendant's breach." Byrd v. Essex Silverline Corp., 2008 WL 81887, at *3 (E.D.Pa. Jan. 8, 2008) (citations omitted).

Plaintiffs' claims clearly meet these requirements. First, Defendant has not provided any support for the notion that Plaintiffs' failure to plead the specific amount paid for the Product or the amount of Product purchased constitutes a fatal flaw. Plaintiffs' "injury and damages" are whatever amount they paid for the Product(s), or whatever premium they paid as a result of Defendant's allegedly false and misleading claims. This exact amount, of course, will not be determined at the pleading stage, and need not be specified by Plaintiffs to state a claim for breach of the implied warranty of merchantability.

Defendant also understates the specificity of Plaintiffs' pleadings. The Amended Complaint alleges, in substantial detail, how the Product's entire purported functionality (weight loss, fat burning, appetite suppression) is a lie. Plaintiffs claim that these overwhelming defects in the Product caused an economic loss, because they would not have knowingly bought a Product that did not actually provide any of the benefits it was supposed to provide. Counts Three and Five will go forward.

**D. Fraud by Uniform Written Misrepresentation and Omission (Count Seven)**

Defendant moves to dismiss Plaintiffs' claim for fraud by uniform written misrepresentation and omission under Pennsylvania law, contending the tort simply does not exist. The Court is unable to find any such cause of action, and thus Count Seven is dismissed without prejudice.[2]

**E. Unjust Enrichment (Count Eight)**

---

[2] Plaintiffs request leave to amend Count Seven in order to reclassify it as a claim for "Fraud." Pl. Br. ¶ 18 n. 10. Plaintiffs are free to do so in accordance with this Opinion.

7

Defendant moves to dismiss Plaintiffs' unjust enrichment claim on the ground that Plaintiffs did not purchase the Product directly from Defendant, and an unjust enrichment claim may not be sustained without privity. The Court agrees.

As the Court noted in Noble v. Samsung Elec. Am., Inc., the overwhelming majority of New Jersey courts have held that an indirect purchaser cannot state a claim for unjust enrichment. No. 15-3713, 2018 WL 801590, at *7 (D.N.J. Feb. 8, 2018); see also DiMartino v. BMW of North America, LLC, No. 15-8447, 2016 WL 4260788, at *7 (D.N.J. Aug. 11, 2016) (dismissing unjust enrichment claim against a manufacturer by an indirect purchaser); Bedi v. BMW of North America, LLC, No. 15-1898, 2016 WL 324950, at *5-6 (D.N.J. Jan. 27, 2016) (same); Dzielak v. Whirlpool Corp., 120 F. Supp. 3d 409, 424 (D.N.J. 2015) (same); Spera v. Samsung Elecs. Am., Inc., No. 2:12-05412, 2014 WL 1334256, at *9 (D.N.J. Apr. 2, 2014) (same); Weske v. Samsung Elecs. Am. Inc., No. 10-4811, 2012 WL 833003, at *7 (D.N.J. Mar. 12, 2012) (same). Pennsylvania is no different. See Schmidt v. Ford Motor Co., 972 F.Supp.2d 712, 721 (E.D.Pa. 2013) ("The 'benefit' must be conferred by the plaintiff directly—indirect benefits bestowed by third parties will not support a claim for unjust enrichment.") (citing Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc., No. 90-7106, 1992 WL 365512, at *16 (E.D.Pa. Nov. 30, 1992).

Here, Plaintiffs allege no direct relationship between Plaintiffs and Defendant and thus do not state a claim for unjust enrichment. Count Eight is dismissed without prejudice.

**F. Declaratory Relief (Count Nine)**

Defendant seeks dismissal of Plaintiffs' claim for declaratory relief, contending it is a remedy, not an independent cause of action. The Court agrees.

"[C]ourts in this circuit routine dismiss stand alone counts for declaratory and injunctive relief, since such claims are requests for remedies, and not independent causes of action." ASAH

v. New Jersey Department of Education, No. 16-3935, 2017 WL 2829648, at *12 (D.N.J. June 30, 2017) (citing Chruby v. Kowaleski, 534 Fed. App'x 156, 160 n.2 (3d Cir. 2013)). Thus, dismissal of Count Nine is appropriate because it is not an independent, substantive claim, but rather a request for a particular remedy.

### G. Injunctive Relief

Finally, Defendant separately contends that Plaintiffs' claim for injunctive relief should be dismissed because Plaintiffs do not have standing to seek it. Defendant argues that Plaintiffs have not alleged any "real and immediate" threat of ongoing or future harm, which precludes their ability to seek injunctive relief. The Court agrees.

"[B]ecause injunctions regulate future conduct, a party seeking prospective injunctive relief must demonstrate a 'real and immediate'—as opposed to a merely speculative or hypothetical—threat of future harm." Access 4 All, Inc. v. Boardwalk Regency Corp., No. 08-3817, 2010 WL 4860565, at *3 (D.N.J. Nov. 23, 2010) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)). Plaintiffs do not allege that they intend to purchase any Products in the future, nor do they identify any other specific, future harm that their requested injunctive relief would seek to prevent. Accordingly, the Court will dismiss Plaintiffs' claim for injunctive relief without prejudice as to Plaintiffs' re-filing for injunctive relief that is cognizable under applicable law.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss, ECF No. 19, is **GRANTED** as to Count Seven, Count Eight, Count Nine, and Plaintiffs' claim for injunctive relief and **DENIED** as to Counts One through Six. Count Seven, Count Eight, and Plaintiffs' claim for

9

injunctive relief are each dismissed without prejudice and may be re-pled in accordance with this Opinion no later than **May 23, 2018**.  An appropriate order accompanies this Opinion.

**Dated: April 23, 2018**

                                            */s Madeline Cox Arleo*
                                            **Hon. Madeline Cox Arleo**
                                            **United States District Judge**